# FRANCISCO ROMERO AND JUAN BENEBIDIZ *v.* FRANCISCO SILVA.

JURISDICTION IN DEBT UNDER ONE HUNDRED DOLLARS.—The district courts have concurrent jurisdiction with courts of justices of the peace in debt in sums less than one hundred dollars.

COSTS ALLOWED WHERE DAMAGES UNDER ONE HUNDRED DOLLARS.—The plaintiff in an action of debt in the district court recovering less than one hundred dollars' damages is nevertheless entitled to costs.

FORM OF JUDGMENT AND VERDICT ON INJUNCTION BOND.—In an action on an injunction bond, where the jury award the plaintiff damages below the penal sum, the verdict should be for the penal sum with damages assessed at the amount awarded, and the judgment should be that the plaintiff recover the penal sum to be discharged on payment of the sum awarded as damages; but a defect in this respect, being merely formal, may be corrected in the supreme court.

APPEAL from the district court of the first judicial district. The case is stated in the opinion.

*Wheaton,* for the appellants.

*Watts and Ashurst,* for the appellee.

By Court, DEAVENPORT, C. J.:

This case was instituted and tried in the district court of the first judicial district of this territory. Francisco Silva instituted his action of debt on an injunction bond against Francisco Romero and Juan Benebidiz. The bond is in the words and figures following: Know all men by these presents that we, Francisco Romero as principal and Juan Benebidiz as security, are held and firmly bound unto Francisco Silva in the sum of one hundred dollars, to the payment of which we bind ourselves, our heirs, executors, and administrators, forever. Sealed with our seals, and dated this May 10, 1855. The condition of the above obligation is such that whereas the above-named Francisco Romero, for himself and his associates, has sued out an injunction before his honor, J. J. Deavenport, restraining and enjoining Francisco Silva and Pedro Montoya from interfering with the said Francisco Romero and his associates from working upon and repairing a certain *acequia* mentioned in said bill

filed and enjoining and restraining the said Francisco Silva and Pedro Montoya from turning or directing the water from said *acequia.* Now, if the said Francisco Romero and his associates shall well and truly pay all damages that may be caused to the said Francisco Silva, on account of the wrongful suing out of said injunction, then this obligation to be null and void, otherwise to remain in full force and virtue.

Signed:

His
FRANCISCO ✕ ROMERO.          [SEAL.]
mark.

His
JUAN ✕ BENEBIDIZ.          [SEAL.]
mark.

The defendants pleaded *nil debet.* Thereupon a trial was had, and the jury returned.a verdict as follows: We, the jury, find for plaintiff and assess his damages at fifty dollars. Thereupon the following judgment was entered up: It is therefore ordered by the court that the said plaintiff recover of the said defendant the sum of fifty dollars for his damages, assessed as aforesaid, and also his costs in this behalf to be taxed. A motion was made for a new trial, which the court overruled, to the overruling of which motion defendant excepted and prayed an appeal to this court, which was granted. The error assigned in this case is that the court erred in giving judgment for the sum of fifty dollars and costs against the defendant, when it should have been for fifty dollars against defendant, and against the plaintiff for costs. In support of such error, counsel for appellant rely upon the following section of the revised code: "In all actions founded upon debt or other contract, if the plaintiff recover an amount which, exclusive of interest, is below the jurisdiction of the court, he shall recover judgment therein, but the costs shall be adjudged against him unless the plaintiff's claim, as established on the trial, shall be reduced by offset below the jurisdiction of the court:" Revised Code, sec. 2, p. 198.

Under this section the only question to be settled is, whether the district court had jurisdiction. The organic law provides, that the jurisdiction of the several courts

herein provided for, both appellate and original, and that
of the probate courts and of justices of the peace, shall be
as limited by law, provided that justices of the peace shall
not have jurisdiction of any matter in controversy where the
title or boundaries of land may be in dispute, or where the
debt or sum claimed shall exceed one hundred dollars; and
the said supreme and district courts respectively shall pos-
sess chancery as well as common law jurisdiction: Revised
Code, sec. 10, pp. 61, 62. The territorial legislature provides
the district court shall have original jurisdiction in all
cases, civil and criminal, in which the jurisdiction is not
specially delegated to some other court, and such appellate
and supervisory jurisdiction as may be given them by law:
Revised Code, sec. 21, p. 174. Let us see if the jurisdic-
tion over this case is specially delegated to some other court.
There is nothing in the organic law that ousts the district
court of its jurisdiction over this case. If we examine the
jurisdiction given to justices of the peace, we find that
every justice of the peace shall have jurisdiction co-exten-
sive with the county of or for which he is elected, of all ac-
tions of debt, covenant, and assumpsit, and in all actions
founded on contracts, of trespass, and trespass on the case
for injuries to persons, or to real or personal property,
wherein the debt, or balance due, or damages shall not ex-
ceed one hundred dollars, and to take and enter judgment
on the confession of any defendant when the amount of the
judgment confessed does not exceed one hundred dollars:
Revised Code, sec. 34, p. 142; but there is no exclusive
jurisdiction specially conferred on them by the legislature.
We understand by these terms, "not specially delegated to
some other court," to mean a jurisdiction to be exclusively
exercised. The district court has concurrent jurisdiction with
the courts of the justices of the peace in debt, etc., in sums
under the amount of one hundred dollars. The amount of
damages not falling under the jurisdiction of the district
court, there is no error in taxing the costs against defendant.
The only error we perceive in the record is in the form of
the verdict and judgment rendered below. The verdict
should have been: We, the jury, find for the plaintiff the

penal sum of the bond, and assess his damages on the same at fifty dollars. The judgment should have been: It is therefore ordered by the court that plaintiff recover of the defendant one hundred dollars, the penal sum of said bond, to be discharged by payment of fifty dollars, the damages assessed by reason of the breach of the same, and also his costs on this behalf expended, to be taxed. But as this only goes to the form and not to the substance, it may be corrected in this court. Let the judgment be affirmed, with the modification as to the form, with costs.